Filed 1/15/14  P. v. Yarborough CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059036 |
| v. | (Super.Ct.No. INF1300887) |
| TINA MARIE YARBOROUGH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Victoria E. Cameron, Judge.  Affirmed with directions.

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Tina Marie Yarborough pleaded guilty to one count of welfare fraud (Welf. & Inst. Code, § 10980, subd. (c)(2)) and was placed on probation. After these proceedings, defendant filed a notice of appeal, and sought a certificate of

1

probable cause to raise issues of ineffective assistance of counsel (IAC).  We modify and affirm.  The affirmance of the judgment is without prejudice to defendant's pursuit of other remedies by way of filing appropriate writ proceedings.

FACTS AND PROCEDURAL HISTORY

The Riverside County District Attorney filed a felony complaint alleging one count of welfare fraud and one count of perjury against both defendant and her husband. The complaint alleged that defendant had falsely stated that no one in the household was working or in training, when in fact defendant was working as an In Home Social Services (IHSS) service provider, and that defendant had thereby received and retained over $950 in benefits to which she was not entitled.

At an early stage of the proceedings, defendant agreed to plead guilty to count 1, welfare fraud.  Count 2 was dismissed in the interest of justice.  Defendant waived a probation referral and requested immediate sentencing.  Defendant was placed on 36 months' probation under specified terms and conditions.

Defendant pleaded guilty and was sentenced on May 10, 2013.  She filed a notice of appeal on June 20, 2013.  The notice of appeal explained that defendant wished to withdraw her plea because she felt that, "I was misrepresente[d] by my public defender."

Defendant had told her lawyer that she "honestly believed that the In Home Social Services and the Department of Public Social Services were two in the same offices."  In the past, she had turned in all of her other income without fail.  She also "attended the Welfare to Work Program five days a week and did job search at the same time."

Defendant and her husband finally secured full-time employment, which defendant declared that she had "turned in right away knowing I would be removed from the Public Social Services benefits, which was my goal from the start." Defendant explained that she had no experience in the criminal courts, and believed she would be able to address the judge herself to explain her misunderstanding (presumably about receiving funds from both IHSS and the Department of Public Social Services (DPSS), i.e., welfare). Defendant had intended "to plead not guilty and tell the courts what really happened." Defendant was shocked when the welfare fraud investigator came to her home and informed her that she was under investigation. Defendant "believed that when we gained full[-]time employment, the Department of Social Services was all in the past." She explained to the investigator that she "didn't know that I had to report In Home Social Services, because they were both Social Services Offices, but since then I have repaid them $1,100 on time." Defendant requested a certificate of probable cause, which the trial court granted.

ANALYSIS

This court appointed counsel to represent defendant on appeal. Appointed appellate counsel has now filed a brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief summary of the proceedings, but offering no argument as to any substantive issues. Counsel has also requested this court to undertake a review of the entire record.

3

Defendant has been offered the opportunity to file a personal supplemental brief, which she has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issues.

Appellate counsel has suggested two possible claims that could be gleaned from the record: (1) whether trial counsel was constitutionally ineffective in allowing defendant to plead guilty, when defendant was, at least arguably, factually innocent, and (2) whether the trial court should have made the restitution order joint and several with the codefendant, defendant's husband.

An examination of the entire record discloses that defendant and her husband were each separately ordered to pay restitution to DPSS in the full sum of $7,910. To avoid paying a windfall to the victim agency, the restitution orders should have been made for joint and several liability of the codefendants. We order the judgment modified to reflect that the defendant is jointly and severally liable with her codefendant to pay the restitution of $7,910 to DPSS.

Defendant's notice of appeal states that she wished to withdraw her plea because she felt she had received IAC. As the notice of appeal explained, defendant appeared to have labored under a misunderstanding that funds she received from IHSS were from the same source as the DPSS, as both entities were named "Social Services" and were located in the same offices. Defendant's explanation included assertions that she had always returned or reported all other outside payments from any employment while she received welfare benefits, and that she fully anticipated that obtaining full-time

employment (as she and her husband eventually did) would result in removal from the Social Services welfare rolls. Defendant's averments raise the possibility that she made a mistake of fact (funds received from "IHSS" were accounted for as welfare payments from the "DPSS," which were not required to be separately reported) that may have negated the scienter element of the fraud offense, which her trial counsel either did not investigate properly or did not sufficiently discuss with defendant. On the record before us, which suggests that a claim for IAC should be further investigated or developed, we cannot conclude that an arguable issue should have been raised on appeal. However, our disposition of the issue on appeal is without prejudice to the filing of appropriate writ proceedings, such as a petition for a writ of habeas corpus to raise an issue of ineffective assistance of trial counsel, e.g., for failure to adequately investigate the case or to advise defendant properly as to potential defenses (such as scienter) to the charged offenses.

## DISPOSITION

The judgment is modified to state that defendant is jointly and severally liable with her codefendant, Billy Yarborough, for the payment of restitution of $7,910 to the victim, Department of Public Social Services. We order the trial court to correct the abstract of judgment to reflect this modification of the judgment. As so modified, the judgment is affirmed, but without prejudice to the filing of appropriate writ proceedings to raise issues such as ineffectiveness of trial counsel, e.g., in advising

5

defendant to plead guilty, when she may have been laboring under a mistake of fact, which might have raised valid defenses to the charges.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

We concur:

HOLLENHORST_____
        Acting P. J.

KING_____
        J.

6